

Nov 16, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: __10-60290-CR-COHN/SELTZER__

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

ANTHONY MELLONE,

          _____**Defendant.**_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Tri-Star Holdings, Inc. ("TSHL") was a Nevada corporation that, among other things, purportedly owned and operated gold mines. TSHL's common stock was publicly quoted on the Pink OTC Markets, Inc., an inter-dealer electronic quotation and trading system in the over-the-counter securities market commonly referred to as the "Pink Sheets."

2. Defendant **ANTHONY MELLONE** was the Chief Executive Officer and President of TSHL. **MELLONE** also owned or controlled millions of shares of TSHL common stock.

### CONSPIRACY TO COMMIT SECURITIES FRAUD
(18 U.S.C. § 371)

3. From in or around October 2008 through in or around March 2009, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY MELLONE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to commit certain offenses against the United States, that is, to knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities; in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSE OF THE CONSPIRACY

4.      The purpose of the conspiracy was for the defendant and his coconspirators to unjustly enrich themselves by fraudulently inducing a pension fund fiduciary to misappropriate money held in the pension fund.

## MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, but were not limited to, the following:

5.      On October 22, 2008, **ANTHONY MELLONE** met with an FBI confidential source (the "CS") and an undercover FBI agent posing as a representative for a pension fund fiduciary (the "UC"). At this meeting, **MELLONE** discussed paying a kickback to the supposed pension fund

2

fiduciary to induce the fiduciary to use pension fund money to buy TSHL common stock.

6. On December 3, 2008, **ANTHONY MELLONE** agreed to pay a forty percent (40%) kickback to cause the pension fund to buy TSHL stock.

7. **ANTHONY MELLONE** documented the purchase of 40,000,000 shares of TSHL common stock for $.05 per share by executing a securities subscription agreement between TSHL and the purported pension fund.

8. **ANTHONY MELLONE** used a fraudulent consulting agreement between TSHL and a "shell corporation" purportedly controlled by the pension fund fiduciary (the "Shell Consulting Company") to give the false appearance that the kickback payments were made as compensation for consulting services.

9. On or about December 8, 2008, **ANTHONY MELLONE** received approximately twenty thousand dollars ($20,000) as payment for the first 40,000,000 shares of TSHL common stock.

10. On or about December 8, 2008, **ANTHONY MELLONE** paid an eight thousand dollar ($8,000) kickback payment to the Shell Consulting Company.

11. In or around January 2009, **ANTHONY MELLONE** executed a second securities subscription agreement documenting a purchase of 50,000,000 shares of TSHL common stock at a price of $.04 per share.

12. On or about January 8, 2009, **ANTHONY MELLONE** received approximately twenty thousand dollars ($20,000) as payment for 50,000,000 shares of TSHL common stock.

13. On or about January 14, 2009, **ANTHONY MELLONE** paid an eight thousand dollar ($8,000) kickback payment to the Shell Consulting Company.

14.     On or about February 3, 2009, **ANTHONY MELLONE** caused TSHL to issue a false and misleading press release stating, among other things, "Mr. Mellone has resigned from the Company's Board of Directors and from the office of President." **MELLONE** issued this press release to conceal his continued management of TSHL following internet postings alleging that **MELLONE** had defrauded TSHL shareholders.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its object and purpose, **ANTHONY MELLONE,** and his coconspirators committed, and caused to be committed, in the Southern District of Florida and elsewhere, the following overt acts, among others:

1.      On or about December 3, 2008, **ANTHONY MELLONE** met with the UC and the CS in the Southern District of Florida.

2.      On or about January 6, 2009, **ANTHONY MELLONE** met with the UC and the CS in the Southern District of Florida to discuss the scheme and artifice.

3.      On or about January 14, 2009, **ANTHONY MELLONE** sent a stock certificate via United States Postal Service to the UC and the CS in the Southern District of Florida.

4.      On or about January 27, 2009, **ANTHONY MELLONE** sent a stock certificate via United Parcel Service from the Southern District of Florida to the purported pension fund in New York.

4

5.  On or about February 3, 2009, **ANTHONY MELLONE** caused TSHL to issue a false and fraudulent press release from the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RYAN DWIGHT O'QUINN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

ANTHONY MELLONE,

           **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**

**Court Division**: (Select One)

| | | |
|---|---|---|
| ___ Miami | ___ Key West | |
| _X_ FTL | ___ WPB | ___ FTP |

New Defendant(s)   Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _No_
   List language and/or dialect   _____

4. This case will take  _0_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | (Check only one) | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | _X_ | | Petty | ___ |
   | II | 6 to 10 days | ___ | | Minor | ___ |
   | III | 11 to 20 days | ___ | | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | | Felony | _X_ |
   | V | 61 days and over | ___ | | | |

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  _Yes_
   If yes:
   Magistrate Case No.  10-3352-WCT
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

 

_____
RYAN DWIGHT O'QUINN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 513857

*Penalty Sheet(s) attached                                                              REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ANTHONY MELLONE

**Case No:** _____

**Count #: 1**

Conspiracy to Commit Securities Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 years' imprisonment

**Counts #:**

_____

_____

**\*Max. Penalty:**

**Counts #:**

_____

_____

**\*Max. Penalty:**

**Count #:**

_____

_____

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, supervised release, and fine. It does not include possible restitution, special assessments, or forfeitures that may be applicable.